UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-24544-Civ-COOKE/TORRES

NEW WAVE INNOVATIONS, INC.,

    Plaintiff,

v.

STEVEN M. GREENBERG, ESQ., STEVEN M.
GREENBERG, P.A., CRGO GREENBERG LLC,
a Florida Limited Liability Company, d/b/a CRGO
LAW, ADAM D. PALMER, ESQ., and ADAM D.
PALMER, P.A.,

    Defendants.
_____/

## OMNIBUS ORDER

    This case is an attempted spinoff from a related case pending before me. Plaintiff alleges that Defendants, during the course of the related litigation, unlawfully disclosed proprietary information about a pending patent for a "Turbo Foam Generator," and that Defendants intentionally caused the spoliation of discoverable evidence in that related case. Defendants filed a Motion to Dismiss the Verified Complaint (ECF No. 17), which has been fully briefed (ECF Nos. 25, 26, 28-1), along with a Motion to Take Judicial Notice (ECF No. 19). Plaintiff filed a Motion to Strike Defendants' Reply (ECF No. 27), to which Defendants responded (ECF No. 28). For the reasons that follow, Defendants' Motion to Dismiss and Motion to Take Judicial Notice are granted, and Plaintiff's Motion to Strike is denied.

### I.    Background

    Plaintiff New Wave Innovations, Inc. ("New Wave") is a foreign corporation engaged in the design, manufacture, distribution and sale of products to the commercial car wash industry. (Compl. ¶ 3, ECF No. 1). On July 16, 2013, New Wave filed an action against James McClimond, Mr. Foamer, Inc. and Car Wash Experts, Inc. (the "Previous Litigation") for trademark infringement, unfair competition/false designation of origin, unfair competition/trade dress infringement, violation of the Florida Deceptive and Unfair

1

Trade Practices Act, and breach of confidential business relationship. *New Wave Innovations, Inc. v. James (Jim) McClimond*, Case No. 13-22541-Civ-Cooke/Turnoff (S.D. Fla.).[1] Defendants in the instant case – Steven M. Greenberg, Esq., Steven M. Greenberg, P.A. ("Greenberg, P.A."), CRGO Greenberg LLC ("CRGO Law") (Steven M. Greenberg, Esq., Greenberg, P.A. and CRGO Law collectively referred to as "Greenberg"), Adam D. Palmer, Esq., and Adam D. Palmer, P.A. ("Palmer, P.A.") (Adam D. Palmer, Esq., and Palmer, P.A. collectively referred to as "Palmer") – are legal counsel for the defendants in the Previous Litigation.

In the Previous Litigation, the parties stipulated to an agreement relating to the conduct of discovery, which was incorporated into a Court Order (the "Stipulated Protective Order"). (Compl. ¶ 13; ECF No. 1-1). The Stipulated Protective Order was intended to facilitate the exchange of confidential/proprietary information for discovery purposes in the Previous Litigation, while maintaining the confidentiality of such information. (Compl. ¶ 13). In the course of discovery in the Previous Litigation, Defendants requested (on behalf of their clients) certain information from New Wave relating to a pending patent application, which New Wave alleges had been exclusively licensed to it. (*Id.* ¶ 14). New Wave's counsel, Mr. Faro, Esq. ("Faro"), agreed to provide the requested information, but designated it "Confidential – Outside Attorneys' Eyes Only," meaning that it could only be shared, pursuant to the Stipulated Protective Order, with outside counsel of record for the receiving party, and a limited universe of other individuals necessary for litigation purposes (*i.e.*, experts, translators, court employees, etc.). (*Id.* ¶¶ 17 – 26; ECF No. 1-1). Faro sent two emails with the "Confidential – Outside Attorneys' Eyes Only" designation to Palmer and Greenberg: (1) an email dated March 3, 2014 attaching the "Electronic Acknowledgment Receipt" for the then-pending, non-provisional ("Utility") patent application (ECF No. 1-2); and (2) an email dated March 4, 2014 with a "Filing

---

[1] Defendants have filed a Motion to Take Judicial Notice (ECF No. 19), requesting that the Court take judicial notice of the existence of the Previous Litigation, and of the court file for the Previous Litigation, including all pleadings and orders contained therein. Plaintiff did not oppose the Motion to Take Judicial Notice. I find that it is proper to take judicial notice of the Previous Litigation, and all pleadings, filings and orders pertaining to the Previous Litigation. *See* Fed. R. Evid. 201(b)(2); *Fla. Bd. of Tr. v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975) ("It is not error…for a court to take judicial notice of related proceedings and records in cases before that court.").

Receipt" for the then-pending, non-provisional ("Utility") patent application (ECF No. 1-3). (*Id.* ¶¶ 17, 22). The Electronic Acknowledgment Receipt and the Filing Receipt contained information about the pending patent, such as the application (serial) number, filing date, group art unit and confirmation number. (*Id.* ¶¶ 18, 19, 23). This information is inaccessible to the public from within the United States Patent and Trademark Office. (*Id.* ¶¶ 20, 26).

Plaintiff alleges that Greenberg and Palmer publicly disclosed the Filing Receipt on three separate occasions during the course of the Previous Litigation. First, they did so on March 27, 2014 during the deposition of Michael Ross, New Wave's President and the owner of the subject pending patent application, when they used the confidential Filing Receipt as an exhibit in the presence of the defendants and their corporate representatives. (*Id.* ¶ 32.A.). Second, they did so on April 5, 2014 when they filed a Motion for Leave to Amend (their Answer) and Add Counterclaims, which included the pending patent application number. (*Id.* ¶ 32.B.). Third, they did so on April 10, 2014 when they, after withdrawing their initial Motion for Leave to Amend, filed a second Motion for Leave to Amend, containing the same public disclosure of the confidential serial number for the pending patent application. (*Id.* ¶¶ 33, 34). The Court granted the defendants' Motion to Amend on April 21, 2014. (*Id.* ¶ 35). It was not until May 6, 2014 that New Wave's attorney, Faro, noticed the disclosure of the pending patent application serial number contained in the new counterclaim and notified Defendants. (*Id.* ¶ 36). Thereafter, upon defendants' request, the Court sealed the counterclaims that contained the confidential serial number. (*Id.* ¶ 38).

In the instant case, Plaintiff asserts three causes of action. In Count I, Plaintiff brings a claim titled, "Unauthorized Use and Disclosure of Secret Patent Office Information In Violation of Federally [sic] Law For Protection of Intellectual Property Rights." In this Count, Plaintiff claims that it promotes and relies upon its federally protected exclusive rights and license under the pending patent application to provide it with a competitive advantage over the manufacturers of commercial car wash products. (*Id.* ¶ 40). Plaintiff further avers that the unauthorized use and/or disclosure of the patent information violates federal law which restricts the public from accessing a pending patent application, citing to 35 U.S.C. § 122 and 37 C.F.R. 1.14. (*Id.* ¶ 49). Plaintiff also states that Defendants breached the Stipulated Protective Order when they disclosed the Electronic Acknowledgement

3

Receipt and Filing Receipt in the course of litigating the Previous Litigation. (*Id.* ¶¶ 55, 56). Plaintiff states that, "The attorneys Palmer and Greenberg breach of their duty and confidential and fiduciary relationship to NEW WAVE has, and shall continue to, cause injury to NEW WAVE federally protected intellectual property rights, specifically, by <u>exposing their intellectual property interests</u> in the patent application licensed to it, <u>to public surveylance [sic], third party protest and possible delay in issuance thereof</u>." (*Id.* ¶ 59) (emphasis in original).

In Count II, Plaintiff brings a cause of action for "Spoliation of Evidence." Plaintiff claims that prior to July 2013, when New Wave initiated the Previous Litigation, Defendants knew or had reason to know that New Wave had one or more claims against Defendants' clients, and that litigation against Defendants' clients was contemplated in the immediate future. (*Id.* ¶ 67). Plaintiff alleges "upon information and belief" that, "Defendants' [sic] Palmer and Greenberg have adopted a conscious litigation strategy, and tactics, in their representation of Defendants [sic] Clients, to destroy, conceal and alter/mutilate relevant financial and business information to prevent discovery of the commercial activities of [sic] the extent of the defendants [sic] Clients…; and, in furtherance of Defendants' [sic] Palmer and Greenberg litigation, have implemented such strategy and tactics, in their representation of the Defendants [sic] Clients, and in response to NEW WAVE discovery, to undermine and secret of [sic] evidence/documents needed to prove the NEW WAVE claims against Defendants [sic] Clients." (*Id.* ¶ 75). The bulk of the allegations contained in Count II detail discovery disputes in the Previous Litigation, including quoting from requests for production and notices of deposition *duces tecum*, and detailing the procedural history of motions to compel document production and motions for sanctions (*Id.* ¶¶ 79, 80, 84, 87 - 91). Plaintiff further alleges that Defendants failed to comply with discovery orders entered in the Previous Litigation. (*Id.* ¶¶ 93, 94).

In Count III, Plaintiff brings a claim for "Intentional Interference in Advantageous Business Relationship." The gist of this claim is that Defendants' disclosure of the confidential information relating to the pending patent harmed Plaintiff because the disclosure "permits public access to the [sic] such secret Patent Office files by NEW WAVE competitors, and is an open invitation to NEW WAVE competitors to undertake actions

4

which can delay or interfere in the allowance and issuance of the patent application…." (*Id.* ¶ 112).

## II. LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above the speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court need not accept legal conclusions in the complaint as true. *See Ashcroft*, 556 U.S. at 678.

A court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). In this Circuit, courts may also consider documents attached to, or incorporated by reference in a dismissal motion without converting the motion into one for summary judgment if the documents are "(1) central to plaintiffs' claims and (2) undisputed, [*i.e.*, their authenticity is not challenged]." *D.L. Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). I find that I may consider, without converting the motion to one for summary judgment, the documents attached to Defendants' Motion to Dismiss – pleadings and orders from the Previous Litigation – because those documents are central to plaintiffs' claims (which relate heavily to proceedings in the Previous Litigation), and their authenticity is not subject to challenge.

## III. ANALYSIS

Defendants move to dismiss the Verified Complaint on several grounds, which I will consider in turn.

5

### A. Count I - "Unauthorized Use and Disclosure of Secret Patent Office Information In Violation of Federally [sic] Law For Protection of Intellectual Property Rights."

The gravamen of Count I is that Defendants' disclosure during the Previous Litigation of confidential information relating to the pending patent application violated federal law (35 U.S.C. § 122; 37 C.F.R. 1.14) and breached the Stipulated Protective Order, and that this violation has, and will continue to, cause injury to New Wave's federally protected intellectual property rights by exposing the patent application to public surveillance and potential protest proceedings.

Defendants argue that Count I should be dismissed because there is no private cause of action available under 35 U.S.C. § 122, or its corresponding regulations. I agree that to the extent that Plaintiff's inartfully pleaded Count I relies on 35 U.S.C. § 122, it fails because that statute does not allow for private claims against third parties for exposing confidential patent application information. 35 U.S.C. § 122(a) provides:

> (a) Confidentiality. –Except as provided in subsection (b), applications for patents shall be kept in confidence by the Patent and Trademark Office and no information concerning the same given without authority of the applicant or owner unless necessary to carry out the provisions of an Act of Congress or in such special circumstances as may be determined by the Director.

By its terms, 35 U.S.C. § 122(a) only restricts the conduct of the Patent and Trademark Office, and does not govern the actions of private citizens. *See Carter v. ALK Holdings, Inc.*, 605 F.3d 1319, 1326 (Fed. Cir. 2010) (holding that Section 122 does not create a cause of action against attorneys practicing before the Patent and Trademark Office).

Count I, however, also appears to rely on Defendants' alleged breach of the Stipulated Protective Order. In order to establish a claim for breach of contract, a plaintiff must prove: (1) the existence of a valid contract; (2) material breach thereof; and (3) damages flowing from the breach. *Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3d DCA 2007). Defendants argue that Plaintiff's claim fails to adequately allege the third element, damages. I agree.

Plaintiff's strongest allegation supporting its claim of being damaged by Defendants' alleged breach states, "The attorneys Palmer and Greenberg breach of their duty and confidential and fiduciary relationship to NEW WAVE has, and shall continue to, cause

injury to NEW WAVE federally protected intellectual property rights, specifically, by exposing their intellectual property interests in the patent application licensed to it, to public surveylance [sic], third party protest and possible delay in issuance thereof." (*Id.* ¶ 59) (emphasis in original). This allegation fails to raise Plaintiff's right to relief above the speculative level as required by *Iqbal* and *Twombly*. Plaintiff's claim essentially relies on the allegation that by disclosing confidential information relating to the pending patent application, Defendants exposed the application to potential protest proceedings, which would in turn delay the approval of the patent. But, Plaintiff fails to allege that anyone has actually filed such a protest proceeding, much less that such a proceeding was filed as a result of the filer obtaining confidential information made available to them by Defendants. Thus, Plaintiff has failed to adequately allege damages, and that those damages flowed from the Defendants' breach.

      Even if Plaintiff's claim that it is being "exposed" to future harm were enough to meet the federal pleading standards, Plaintiff faces an uphill battle in attempting to *plausibly* plead that any future protest proceeding is the result of Defendants' actions in the Previous Litigation. This is so because Plaintiff itself has filed papers that makes available to the public – in the same manner that Defendants briefly did – the allegedly confidential information pertaining to the pending patent application. In the Previous Litigation, Plaintiff filed a "Motion for an Order to Hold the Defendants & Their Counsel in Contempt of This Court's Stipulated Protective Order [DE 81] & For Sanctions" that contained as an exhibit the Filing Receipt for the pending patent application. (Case No. 13-22541-Cooke/Torres, ECF No. 165 at 13). While Plaintiff had purported to redact confidential information from the Filing Receipt, the redaction was done imprudently with a faded marker and the purportedly confidential information was still legible to anyone with an interest in obtaining it. This Motion and the accompanying Filing Receipt was filed by Plaintiff after the Court had already sealed the Defendants' filings that contained the allegedly confidential information. (*Id.*, ECF No. 154). Thus, Plaintiff again published to the

world the same information it complained Defendants had improperly published, albeit momentarily. Plaintiff's filing remains in its original form, effectively unredacted.[2]

Accordingly, Plaintiff has failed to adequately plead Count I, and this claim is dismissed.

### B. Count II – Spoliation of Evidence

Count II of Plaintiff's Complaint is for Spoliation of Evidence. Plaintiff essentially claims that Defendants failed to comply with their professional obligations to ensure their clients preserved evidence relating to the Previous Litigation. Plaintiff also claims that Defendants failed to comply with discovery orders entered in the Previous Litigation. Defendants argue that Count II should be dismissed because this claim has already been adjudicated – or if not, should be adjudicated – in the Previous Litigation, and because Plaintiff has failed to adequately state a claim for relief. I agree.

The elements of a spoliation claim are: (1) the existence of a potential civil action; (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action; (3) destruction of that evidence; (4) significant impairment in the ability to prove the lawsuit; (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit; and (6) damages. *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003). I find that several of these elements are lacking here.

First, Plaintiff has failed to adequately allege that Defendants destroyed evidence. Instead, Plaintiff states in conclusory fashion that, "Upon information and belief, Defendants' [sic] Palmer and Greenberg have adopted a conscious litigation strategy, and tactics, in their representation of Defendants [sic] Clients, to destroy, conceal and alter/mutilate relevant financial and business information to prevent discovery of the commercial activities of [sic] the extent of the defendants [sic] Clients…; and, in furtherance of Defendants' [sic] Palmer and Greenberg litigation, have implemented such strategy and tactics, in their representation of the Defendants [sic] Clients, and in response to NEW WAVE discovery, to undermine and secret of [sic] evidence/documents needed to prove the NEW WAVE claims against Defendants [sic] Clients." (Compl. ¶ 75). The only factual

---

[2] And its Motion was denied because the Court found Plaintiff's claim of being harmed or prejudiced by Defendants' disclosure of the confidential information to be speculative. (*Id.*, ECF No. 193).

allegation supporting this assertion is that Plaintiff's forensic accountant reviewed electronic QuickBooks files produced by defendants in discovery in the Previous Litigation, and concluded that the files did not reflect the accounting record for the Mr. Foamer business. (Compl. ¶ 95). This allegation, however, does not demonstrate that Defendants are culpable; rather, it suggests that either defendants in the Previous Litigation kept very poor records, or that they (as opposed to their counsel) were not being forthcoming in responding to discovery requests and orders in the Previous Litigation.[3]

Second, Plaintiff has failed to adequately plead that the destruction of evidence caused it to be unable to prove its lawsuit. In the Previous Litigation, Plaintiff alleges that the claims it asserted in the Previous Litigation relied on documents of the finances of the corporate defendants and on documents related to the ownership and control of the defendants. (Compl. ¶¶ 72, 73). These documents were necessary, according to Plaintiff, to prove damages for infringement of New Wave's proprietary rights in the pending patent application. (Compl. ¶¶ 72, 73). However, that Plaintiff would have prevailed against defendants in the Previous Litigation, but for the allegedly destroyed documents, is far from clear. The Eleventh Circuit Court of Appeals has affirmed this Court's denial of New Wave's motion for preliminary injunction in the Previous Litigation, finding that New Wave failed to demonstrate a substantial likelihood of success on the merits. *See New Wave Innovations, Inc. v. McClimond*, 589 Fed.Appx. 527 (11th Cir. 2015). In moving to stay the Previous Litigation, Plaintiff took the position that the outcome of the appeal would directly impact the course of the Previous Litigation. (Case No. 13-22541-Cooke/Torres, ECF No.

---

[3] Plaintiff had the opportunity to present this argument in the Previous Litigation, and in fact did move for sanctions against defendants therein for failing to comply with the Court's Order compelling production of documents. (Case No. 13-22541-Cooke/Torres, ECF No. 171). The Court, however, denied Plaintiff's Motion, allowing Plaintiff to seek further relief if it found evidence of defendants' failure to comply with their discovery obligations. (*Id.* at ECF No. 193). Plaintiff thereafter failed to seek any further relief. Instead, Plaintiff moved for a stay of the action, which was granted. (*Id.* at ECF Nos. 204, 206). To the extent Plaintiff believed defendants in the Previous Litigation obstructed its efforts to obtain discovery, an appropriate motion for relief should have been filed in the Previous Litigation.

204).[4] The appeal's outcome, in Plaintiff's own words, would appear to have a direct negative impact on Plaintiff's claims in the Previous Litigation.

Accordingly, as Plaintiff has failed to adequately plead a claim for spoliation of evidence, Count II is dismissed.

### C. Count III – Intentional Interference in Advantageous Business Relationship

Plaintiff's third cause of action is a claim for intentional interference with an advantageous business relationship. The gist of this claim is that Defendants' disclosure of the confidential information relating to the pending patent harmed Plaintiff because the disclosure "permits public access to the [sic] such secret Patent Office files by NEW WAVE competitors, and is an open invitation to NEW WAVE competitors to undertake actions which can delay or interfere in the allowance and issuance of the patent application…." (Compl. ¶ 112). Defendants argue that this claim should be dismissed for failure to state a claim. I agree.

To state a claim for tortious interference, a plaintiff must demonstrate: (1) the existence of an advantageous business relationship under which the plaintiff has legal rights; (2) an intentional and unjustified interference with that relationship by the defendant; and (3) damage to the plaintiff as a result of the interference with the business relationship. *Ahern v. Boeing Co.*, 701 F.2d 142, 143-44 (11th Cir. 1983). Plaintiff's claim fails to meet the third element of this claim for the same reasons warranting dismissal of Count I. Plaintiff has not alleged any actual harm to it that has come as a result of Defendants' disclosure of confidential pending patent information. *See* Section III.A., *supra*.

### D. Plaintiff's Motion to Strike Defendants' Reply (ECF No. 27)

Plaintiff moved to strike Defendants' Reply in support of their Motion to Dismiss on the grounds that the reply was not signed by counsel for Defendants.[5] Defendants' counsel promptly responded to the Motion to Strike, attaching an Amended Reply brief containing

---

[4] Plaintiff also argued that a stay was appropriate because of a pending opposition to registration of the Mr. Foamer Mark by Mr. Foamer, Inc. before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office. Plaintiff has not made the Court aware of the status of that opposition.

[5] The bulk of Plaintiff's Motion to Strike contains arguments in response to Defendants' reply. Plaintiff did not seek leave to file a sur-reply, and I decline to consider these extraneous arguments that have no bearing on the motion to strike.

counsel's signature, and explaining that the signature was inadvertently left out of the initial reply. I find that the oversight was harmless and excusable, and deny the Motion to Strike.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, it is **ORDERED and ADJUDGED** that:

1. Defendants' Motion to Dismiss the Verified Complaint (ECF No. 17) is **GRANTED**. Defendants' Verified Complaint is **DISMISSED** *without prejudice*. Plaintiff shall have fourteen (14) days to amend its Verified Complaint, if such amendment is appropriate in light of this Order.

2. Defendants' Motion to Take Judicial Notice (ECF No. 19) is **GRANTED**.

3. Plaintiff's Motion to Strike Defendants' Reply (ECF No. 27) is **DENIED**.

4. The Clerk is **DIRECTED** to **CLOSE** this matter for *administrative purposes only*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of August 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*